# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-946V

| | |
|---|---|
| CLEMMIE L. JOHNSON,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: August 29, 2023 |

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On February 18, 2021, Clemmie L. Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injuries related to vaccine administration (SIRVA) resulting from an influenza (flu) vaccination he received on January 23, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 28, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 28, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,000.00 in pain and suffering. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CLEMMIE L. JOHNSON,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 21-946V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

**I.    Procedural History**

On February 18, 2021, Clemmie Johnson ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that he sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, within the Table time period following administration of an influenza vaccine he received on January 23, 2020. *See* Petition at 1. On August 8, 2023, respondent filed his Vaccine Rule 4(c) report, indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 33. On August 28, 2023, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury. ECF No. 35.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

II. **Items of Compensation**

    A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $60,000.00, in the form of a check payable to petitioner.

IV. **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Clemmie Johnson: **$60,000.00**

                                              Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              C. SALVATORE D'ALESSIO
                                              Director
                                              Torts Branch, Civil Division

                                              HEATHER L. PEARLMAN
                                              Deputy Director
                                              Torts Branch, Civil Division

                                              TRACI R. PATTON
                                              Assistant Director
                                              Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

<u>/s/ Tyler C. King</u>
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

Dated:  August 28, 2023